IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES HENRY LEROY MARTIN,

    Plaintiff,

vs.

CO II BAGLEY; DAVID "ASALADEEM"
COOPER, a/k/a DENNIS SALADINE
COOPER; Nurse ROBBINS; Nurse
HIGHSMITH; Captain CROSBY;
CARL HUMPHREY, Warden; Nurse
Director HODGES, and Nurse
Director CASSEY BATTEN,

    Defendants.

CIVIL ACTION NO.: CV506-018

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Augusta State Medical Prison in Grovetown, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at Ware State Prison in Waycross, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim

AO 72A
(Rev. 8/82)

upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that Defendant Cooper assaulted him with a metal weapon. Plaintiff also contends that he suffered injuries as a result of this assault and that the medical unit was contacted. Plaintiff further contends that Defendants Robbins and Highsmith, nurses at Ware State Prison, were slow to respond to the call, told "untrained" inmates to apply ice packs to Plaintiff's injuries, and made him walk to the prison's medical unit. Plaintiff asserts that Defendants Crosby and Humphrey, who were supervisors at the prison, were told about what happened to Plaintiff and did nothing in response. Finally, Plaintiff names as Defendants Nursing Directors Hodges and Batten, but he makes no factual allegations against these two individuals.

2

A Plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). Defendant Cooper is an inmate within the penal system of Georgia. He is not a state actor, nor was he acting under the color of state law. Plaintiff's claim against Defendant Cooper should be dismissed.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). Estelle's subjective standard does not require that the medical care provided to a prisoner be perfect. Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980). Thus, not every claim that a prisoner has not received adequate medical care states a violation of the Eighth Amendment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). The medical care provided to inmates need not be "perfect, the best obtainable, or even very good." Id. at 1510 (quoting Brown, 481 F. Supp. at 726). Plaintiff has not shown that Defendants Robbins and Highsmith were deliberately indifferent to his serious medical needs, even if these nurses were slow

to respond to the medical call and made him walk to the medical unit at the prison. Plaintiff's claims against Defendants Robbins and Highsmith should be dismissed.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). It appears that Plaintiff attempts to hold Defendants Crosby and Humphrey liable based solely on their supervisory positions. Accordingly, Plaintiff's claims against Defendants Crosby and Humphrey should be dismissed.

Finally, a plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendants Hodges and Batten, his claims against Defendants Hodges and Batten should be dismissed.

Plaintiff's cognizable claim is addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Cooper, Robbins, Highsmith, Crosby, Humphrey, Hodges, and Batten be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED AND RECOMMENDED**, this 17th day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE